UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

RICHARD MORRISON,

            Petitioner,

vs.

ERIC HOLDER, *et al.,*

            Respondents.

CASE NO.  1:12-CV-2393

OPINION & ORDER
[Resolving Doc. No. 1]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is *pro se* petitioner Richard Morrison's Emergency Petition for Illegal Detention for which he seeks habeas relief pursuant to 28 U.S.C. §2241. (Doc. No.1)  Since filing his Petition, Morrison has been transferred from Geauga County Jail in Chardon, Ohio to Seneca County Jail in Tiffin, Ohio.  For the reasons set forth below, the Court **DENIES** the petition for writ of habeas corpus.

## I. Background

Morrison is a native and citizen of Jamaica.  He does not state when he entered the United States.

On June 6, 1988, Morrison was residing in Davie, Florida when he was arrested by immigration agents.  He claims the arrest resulted from the appeal of an Immigration and

Case No.  1:12-CV-2393
Gwin, J.

Naturalization Service (INS) decision to issue a green card to him.[1]

Attachments to the Petition reveal a warrant for Morrison's arrest was issued on September 28, 1988 by United States District Court Judge William Turnoff for the Southern District of Florida.[2] (Pet.'s Ex. 6 at 2.)  Later that year, the INS issued an Order to Show Cause why Morrison should not be deported.  Morrison failed to appear or respond to the Show Cause Order.  Consequently, a hearing was conducted in his absence.[3]  The General Attorney presented Morrison's Record of Deportation, including his record of conviction, establishing the allegations of fact in the Show Cause Order.

On October 14, 1988, an indictment was filed against Morrison in the United States District Court for the Southern District of Florida. *See United States v. Blake*, *et al.*, No. 4:88cr0652 (S.D. Fl. 1988).  He was charged with, *inter alia*, drug possession and  murder.  *Id*.

Based on the charge contained in the Order to Show Cause, an Immigration Judge (IJ) issued an Order of Deportation on November 7, 1988.  (Pet.'s Ex. 1 at 1.)  The Order resulted from a hearing held *in absentia* after Morrison failed to appear and "[n]o reasonable cause . . . [was]

---

[1]On March 1, 2003, the INS was abolished and its functions transferred to three bureaus within the Department of Homeland Security (DHS).  *See*  6 U.S.C. § 291.  The immigration enforcement functions of INS were transferred to the Bureau of Immigration and Customs Enforcement ("BICE") within the DHS. The Court will refer to the INS and BICE, depending on which agency was in existence at the time of the relevant event.

[2]Based on this warrant, a provisional arrest request was submitted on August 22, 1989 by the United States Embassy, under Note 412, to Jamaica's Ministry of Foreign Affairs. (Pet.'s Ex.  6 at 1.)

[3]Although Morrison repeatedly protests that he never received notice of any INS hearing, he never acknowledges the fact that he returned to Jamaica some time between 1988 and 1990.

-2-

Case No.  1:12-CV-2393
Gwin, J.

advanced why the respondent was absent." *Id*.

A second federal indictment was filed against Morrison in 1989.  The indictment, filed in the United States District Court for the Middle District of Florida, charged Morrison with narcotics distribution.  *See United States v. Morrison*, No. 2:89cr0057 (M.D. Fl. Aug. 25,1989).

The United States Embassy sent a request, dated July 6, 1990, to the Jamaican Ministry of Foreign Affairs and Foreign Trade for the extradition of Morrison to face federal charges.  The request was honored and Morrison was extradited to the United States on June 12, 1991.

Morrison was arraigned in federal court and pleaded not guilty to the charges in the indictment.  A jury subsequently returned a guilty verdict on February 10, 1992.[4]  He was sentenced to serve 293 months in prison on April 24, 1992.  *Id*.

"In the Matter of Richard O. Morrison," dated July 13, 2012, the DHS issued a Notice and Order of Expedited Removal (Form I-860) under section 235(b)(1) of the Immigration and Nationality Act (INA). (Pet.'s Atth., DHS Form I-860, at 1).  The immigration officer found Morrison was: (1) not a United States citizen or national; (2) a native citizen of Jamaica; (3) paroled into the United States on June 12, 1991and, (4) a nonimmigrant not in possession of a valid nonimmigrant visa or border crossing identification card at the time of application for admission. *Id*.  Morrison was deemed "inadmissable" to the United States and subject to removal from this

---

[4]Morrison previously filed a habeas petition in this Court alleging illegal confinement because he was convicted in a court which lacked jurisdiction and violated the principle of specialty of the extradition treaty between the United States and the United Kingdom. *See Morrison v. Lappin*, No. 4:06CV2087 (N.D. Ohio Dec. 9, 2006)(Boyko, J.)  Because Morrison provided a fuller procedural history than his present petition, the Court will supplement this Memorandum with relevant historical facts provided in the earlier pleading.

Case No. 1:12-CV-2393
Gwin, J.

country. *Id*. Based on this information, Morrison was ordered removed from the United States. A copy of the Order was served upon him on July 16, 2012.

Morrison's prison term ended on September 18, 2012. At that time he was released from BOP custody and taken into custody by BICE, where he remains.

Morrison now challenges the validity of the first Order of Deportation, dated November 7, 1988. Noting that the name in the signature block is different from the name of the immigration judge who actually signed the Order, Morrison declares the document invalid. Even if the Order were "official," he argues that his right to due process was violated because the INS failed to immediately take him into custody when he arrived in the United States on June 16, 1991. As such, he claims the District Court for the Middle District of Florida exceeded the scope of its authority by allowing him to be prosecuted for the criminal charges pending against him. Because the district court allegedly lacked authority to convict him, Morrison claims his criminal conviction is not "final."

Morrison believes he cannot be subject to deportation because at the time the Show Cause Order and Order of Deportation were issued in 1988 neither he nor his attorney allegedly received a copy of the notice in the mail. As such, he asserts he was denied the opportunity to request an "adjustment of status" as a parolee. The denial of this purported right to due process resulted in his illegal imprisonment for 21 years. But for his incarceration, Morrison argues he could have challenged his permanent resident status.

Morrison now seeks an Order voiding any determination that he is "inadmissable," releasing him from custody and "restoring" his status as a permanent resident. In the alternative, he asks this

-4-

Case No.  1:12-CV-2393
Gwin, J.

Court to order the Board of Immigration Appeals to 'prove' his green card was invalid when he

returned to the United States on June 12, 1991.

## II. Legal Standards

A. 28 U.S.C. §2243

For any federal habeas petitioner, "[t]he burden to show that he is in custody in

violation of the Constitution of the United States is on the prisoner." *Dodge v. Johnson*

471 F.2d 1249, (6th Cir. 1973)(citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert.*

*denied* 400 U.S. 906 (1970).)  Therefore, if "it appears from the application that the applicant or

person detained is not entitled [to relief] thereto," the petition will be dismissed. *See* 28 U.S.C.

§2243.

B. 28 U.S.C. § 2241

The federal habeas statute provides, in relevant part, that: "The writ of habeas

corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution

or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). The statute only extends its

reach to challenges that affect the length or duration of a prisoner's sentence. Thus, any claims

seeking to challenge the execution or manner in which the sentence is served shall be filed in the

court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v.*

*Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893

(6th Cir. 1991)).

Although Morrison names the Attorney General and Geauga County Jail as respondents,

the Sixth Circuit has held that a prisoner's proper custodian for purposes of habeas review is the

-5-

Case No.  1:12-CV-2393
Gwin, J.

warden of the facility where he is being held.  *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained). Therefore, the proper respondent in this action is Morrison's current custodian--- the warden at Seneca County Jail.  While this Court has personal jurisdiction over Morrison's custodian, it lacks subject matter jurisdiction over the Petition for the reasons stated below.

### III. Analysis

Morrison argues he was unconstitutionally deprived of the opportunity to seek the restoration of his alleged status as a permanent resident. The status of an alien "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe," provided that "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255.  Regardless of Morrison's eligibility for adjustment, however, this Court lacks jurisdiction over his request.

Although Morrison characterizes his claim as a request for adjustment of status, his underlying goal is to prevent his deportation.  The relief he requests from this Court explicitly seeks to compel the Attorney General to allow him to remain in the United States.  Because this challenge is tantamount to a challenge to the execution of a removal order, section 242(g) of the Illegal Immigration Reform and Immigration Responsibility Act (IIRIRA) bars a district court from exercising jurisdiction.  *See Cardoso v. Reno*, 216 F.3d 512, 517 (5th Cir. 2000).

-6-

Case No.  1:12-CV-2393
Gwin, J.

Relevant portions of the statute read, in pertinent part:

§ 1252 Judicial Review of Orders of Removal

(a) Applicable provisions
* * *
(2) Matters not subject to judicial review
* * *
(B) Denials of discretionary relief

Notwithstanding any other provision of law
(statutory or nonstatutory), including section
2241 of Title 28, or any other habeas corpus
provision, and sections 1361 and 1651 of
such title, and except as provided in
subparagraph (D), and regardless of whether
the judgment, decision, or action is made in
removal proceedings, no court shall have
jurisdiction to review-

(i) any judgment regarding the granting of relief
under section 1182(h), 1182(i), 1229b, 1229c, or
1255 of this title, or

(ii) any other decision or action of the Attorney
General or the Secretary of Homeland Security the
authority for which is specified under this
subchapter to be in the discretion of the Attorney
General or the Secretary of Homeland Security,
other than the granting of relief under section
1158(a) of this title.
* * *
(d) Review of final orders

A court may review a final order of removal only if-

(1) the alien has exhausted all administrative
remedies available to the alien as of right, and

(2) another court has not decided the validity of the
order, unless the reviewing court finds that the

-7-

Case No.  1:12-CV-2393
Gwin, J.

> petition presents grounds that could not have been
> presented in the prior judicial proceeding or that the
> remedy provided by the prior proceeding was
> inadequate or ineffective to test the validity of the
> order.
>
> * * *
>
> (g) Exclusive jurisdiction
>
> Except as provided in this section and notwithstanding any
> other provision of law (statutory or nonstatutory), including
> section 2241 of title 28, United States Code, or any other
> habeas corpus provision, and sections 1361 and 1651 of
> such title, no court shall have jurisdiction to hear any cause
> or claim by or on behalf of any alien arising from the
> decision or action by the Attorney General to commence
> proceedings, adjudicate cases, or execute removal orders
> against any alien under this chapter.

8 U.S.C. § 1252(a)(2)(B),(d),(g).  Even if Morrison were requesting this Court review the denial

of his administrative request for adjustment of status, it would lack subject matter jurisdiction.

The Second, Fifth, and Tenth Circuits have held that federal district courts lack jurisdiction to

review an agency's denial of an adjustment of status request under 8 U.S.C. § 1255(a). *See e.g.*

*Cardoso*, 216 F.3d 512; *McBrearty v. Perryman*, 212 F.3d 985 (7th Cir.2000); *Howell v. INS*, 72

F.3d 288 (2nd Cir.1995).

Morrison does not explain at what stage he is in the removal process, but the

jurisdictional bar of § 1252(g) has been held to apply even where removal proceedings have not

been initiated. *See Cardoso*, 216 F.3d at 518; *see also Randall v. Meese*, 854 F.2d 472, 481 (D.C.

Circuit 1988) (alien denied an adjustment of status application is entitled to renew his request in

deportation proceedings, and in circuit court review thereof).  Essentially, subsection (g) strips

the district court's habeas review of his claim.  While the Supreme Court ruled in *INS v. St. Cyr*,

-8-

Case No.  1:12-CV-2393
Gwin, J.

533 U.S. 289 (2001) that the IIRIRA did not totally abolish habeas jurisdiction in immigration

cases, habeas jurisdiction is still limited to situations where the action presents a "pure question

of law," and where there exists no other judicial forum in which that question of law could be

considered. *Id*. at 298.

Morrison's request for release and an adjustment of status does not involve a pure

question of law, but is any attempt to seek relief for matters which are beyond the scope of this

Court's jurisdiction.  Accordingly, this Court lacks subject matter jurisdiction over the Petition.

*See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("Without jurisdiction,

court cannot proceed at all in any cause; jurisdiction is power to declare law, and when it ceases

to exist, the only function remaining to court is that of announcing the fact and dismissing

cause.")(citation omitted).

### IV. Conclusion and Order

Based on the foregoing, the Petition is DISMISSED pursuant to 28 U.S.C. § 2243. The

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

taken in good faith.

IT IS SO ORDERED.


Dated: November 16, 2012                    *s/      James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE